IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**CHRISTOPHER GUTHRIE and SHANE NORTH**, Each Individually and on Behalf of All Others Similarly Situated                                        **PLAINTIFFS**

vs.                                         No. 4:24-cv-2585

**VOODOO ENERGY SERVICES, LLC; and KYLE GREEMON**                                        **DEFENDANTS**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiffs Christopher Guthrie and Shane North (collectively "Plaintiffs"), each individually and on behalf of all others similarly situated, by and through their attorneys of Sanford Law Firm, PLLC, for their Original Complaint—Collective Action against VooDoo Energy Services, LLC, and Kyle Greemon (collectively "Defendants"), state and allege as follows:

### I.  PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiffs Christopher Guthrie and Shane North on behalf of themselves and on behalf of other salaried Pump Supervisors employed by Defendants at any time within a three-year period preceding filing of this Complaint.

2. Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorneys' fees as a

result of Defendants' failure to pay Plaintiffs overtime compensation for all hours worked in excess of forty (40) hours per week.

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Southern District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Defendants do business in this District, have their principal place of business in this District, and a substantial part of the events alleged herein occurred in this District.

6. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Texas has personal jurisdiction over Defendants, and Defendants therefore "reside" in Texas.

## III. THE PARTIES

7. Plaintiff Christopher Guthrie ("Guthrie") is an individual and resident of Harrison County, Texas. He was employed by Defendants as a salaried Pump Supervisor within the three (3) years preceding the filing of the Original Complaint.

8. Plaintiff Shane North ("North") is an individual and resident of Harrison County, Texas. He was employed by Defendants as a salaried Pump Supervisor within the three (3) years preceding the filing of the Original Complaint.

9. At all times material herein, Plaintiffs have been entitled to the rights, protection and benefits provided under the Fair Labor Standards Act 29 U.S.C. § 201, *et seq*.

10. Defendant VooDoo Energy Services, LLC, ("VooDoo") is a is a for-profit, domestic limited liability company created and existing under and by virtue of the laws of the State of Texas, registered to do business in the State of Texas, providing products and services in the oil and gas industry, throughout the United States in those areas in which fracking is a viable business.

11. Defendant VooDoo's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of exercise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

12. During each of the three years preceding the filing of this Complaint, Defendant VooDoo employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, including goods or materials typically used in the oil and gas industry.

13. Defendant VooDoo's principal address is 4582 Kingwood Drive, Suite 504, Kingwood, Texas 77345.

14. Defendant VooDoo's registered agent for service of process is Kyle Greemon, 4582 Kingwood Drive, Suite 504, Kingwood, Texas 77345.

15. Defendant VooDoo was at all times relevant hereto Plaintiffs' employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

16. Defendant Kyle Greemon ("Greemon") is CEO and President of VooDoo, and is an individual who resides in the State of Texas.

17. Defendant Greemon controls the day-to-day operations of VooDoo such that he is liable to Plaintiffs as an employer under the FLSA.

18. Defendant Greemon established and maintained the policies at issue in this case.

19. Defendant Greemon was at all times relevant hereto Plaintiffs' employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

## IV. FACTUAL ALLEGATIONS

20. Defendants' primary business is providing specialty pumping and fluid hauling services for completion and production activities throughout the Haynesville Shale, Eagle Ford Shale, Permian Basin and Mid-Continent.

21. Guthrie was employed off and on by Defendants since 2021; most recently Guthrie was employed as a Pump Supervisor until June of 2024.

22. North was employed by Defendants as a Pump Supervisor from May of 2022 until June of 2024.

23. Within the time period relevant to this case, Defendants also employed other Pump Supervisors.

24. At all relevant times herein, Defendants directly hired Pump Supervisors to work at its facilities and job sites, paid them wages and benefits, controlled their work

schedules, duties, protocols, applications, assignments, and employment conditions, and kept at least some records regarding their employment.

25. Plaintiffs were classified by Defendants as exempt from the overtime requirements of the FLSA and were paid a salary.

26. Other Pump Supervisors were also classified as exempt from the overtime requirements of the FLSA and paid a salary.

27. As a Pump Supervisor, Plaintiff worked "in the field" and was responsible for rigging up, monitoring equipment, pumping and rigging down.

28. Other Pump Supervisors had the same or similar job duties as Plaintiffs.

29. At all times material herein, Plaintiffs and other Pump Supervisors have been entitled to the rights, protection and benefits provided under the FLSA.

30. Plaintiffs regularly worked in excess of forty hours per week throughout their tenure with Defendants.

31. Upon information and belief, other Pump Supervisors regularly or occasionally worked in excess of forty hours per week throughout their tenure with Defendants.

32. Defendants did not pay Plaintiffs and other salaried Pump Supervisors 1.5 times their regular hourly rate for hours worked over 40 each week.

33. Plaintiffs and other Pump Supervisors never agreed that their salary would be sufficient to cover all hours worked.

34. In performing their services for Defendants, Plaintiffs and other Pump Supervisors were not required to utilize any professional education relevant to their job duties.

35. Plaintiffs and other Pump Supervisors were classic blue-collar workers, spending physical, demanding, long shifts working on and with machinery, and not in an office.

36. During the course of their employment, Plaintiffs and other Pump Supervisors did not manage the enterprise or a customarily recognized subdivision of the enterprise.

37. Plaintiffs and other Pump Supervisors did not select any employees for hire or fire, nor did they provide any training for any employee.

38. Plaintiffs and other Pump Supervisors did not have any control of or authority over any employee's rate of pay or working hours.

39. Plaintiffs and other Pump Supervisors did not maintain or prepare production reports or sales records for use in supervision or control of the business.

40. Similarly, Plaintiffs and other Pump Supervisors did not have any responsibility for planning or controlling budgets.

41. The duties of Plaintiffs and other Pump Supervisors were rote and routine, and they sought input from supervisors when their duties were not rote or routine.

42. In carrying out their duties, Plaintiffs and other Pump Supervisors followed the processes put in place by Defendants and others.

43. Plaintiff regularly drove, loaded or worked on vehicles which were less than 10,000 pounds.

44. Upon information and belief, other Pump Supervisors also regularly drove, loaded or worked on vehicles which were less than 10,000 pounds.

45. Upon information and belief, Defendants' pay practices were the same at all locations.

46. Defendants regularly assigned Plaintiffs and other Pump Supervisors so much work that they were unable to complete the assigned work in less than 40 hours per week.

47. Defendants knew, or showed reckless disregard for whether, the way they paid Plaintiffs and other Pump Supervisors violated the FLSA.

## V.   REPRESENTATIVE ACTION ALLEGATIONS

48. Plaintiffs brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated who were, are, or will be employed by Defendants within the relevant time period, who are entitled to payment of the following types of damages:

   A.   Overtime wages for all hours worked over forty hours in any week;

   B.   Liquidated damages; and

   C.   Attorney's fees and costs.

49. Plaintiffs proposes the following collective under the FLSA:

**All salaried Pump Supervisors within the past three years.**

50. In conformity with the requirements of FLSA Section 16(b), each Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

51. The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

52. The members of the proposed FLSA collective are similarly situated in that they share these traits:

    A. They were classified by Defendants as salaried employees, exempt from the overtime requirements of the FLSA;

    B. They were subject to Defendant's common policy and practice of failing to pay them an overtime premium for hours worked over forty in a week;

    C. They regularly worked over forty hours in a week; and

    D. They had the same or substantially similar job duties and responsibilities.

53. Plaintiffs are unable to state the exact number of the collective but believes that the collective exceeds twenty persons.

54. Defendants can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendants.

55. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendants.

56. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendants.

## VI.   FIRST CAUSE OF ACTION
**(Individual Claims for Violation of FLSA)**

57. Plaintiffs asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

58. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5 times regular wages for all hours worked over 40 unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

59. Defendants misclassified Plaintiffs as exempt from the overtime requirements of the FLSA.

60. Defendants deprived Plaintiffs of overtime compensation for all of the hours worked over forty per week in violation of the FLSA.

61. Defendants' conduct and practice, as described above, is and has been at all times relevant hereto, willful, intentional, unreasonable, arbitrary and in bad faith.

62. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred within the past three years plus periods of equitable tolling.

63. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VII. SECOND CAUSE OF ACTION
### (Collective Action Claim for Violation of FLSA)

64. Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

65. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5 times regular wages for all hours worked over 40 unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

66. Defendants misclassified Plaintiffs and similarly situated employees as exempt from the overtime requirements of the FLSA.

67. Defendants required Plaintiffs and similarly situated employees to work in excess of forty hours each week but failed to pay Plaintiffs and the similarly situated employees overtime compensation for all of the hours in excess of forty in each workweek.

68. Defendants deprived Plaintiffs and other similarly situated employees overtime compensation for all of the hours worked over forty per week in violation of the FLSA.

69. Defendants' conduct and practice, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

70. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs and similarly situated employees for monetary damages, liquidated damages, and costs including reasonable attorney's fees provided by the FLSA.

71. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs and similarly situated employees as provided by the FLSA, Plaintiffs and similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Christopher Guthrie and Shane North, each individually and on behalf of all others similarly situated, respectfully pray for relief and damages as follows:

A.   That each Defendant be summoned to appear and answer herein;

B.  That each Defendant be required to account to Plaintiffs, the collective members, and the Court for all of the hours worked by Plaintiffs and the collective members and all monies paid to them;

C.  A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

D.  Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

E.  Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

F.  Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the collective during the applicable statutory period;

G.  An order directing Defendants to pay Plaintiffs and members of the collective prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

H.  Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**CHRISTOPHER GUTHRIE and SHANE NORTH, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

/s/ *Sean Short*
Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com