United States District Court
Southern District of Texas
**ENTERED**
July 21, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Christopher Guthrie, et al. | § § § § | |
| *versus* | § § | Civil Action 4:24−cv−02585 |
| VooDoo Energy Services, LLC, et al. | § § § § | |

**INITIAL DISCOVERY PROTOCOLS
FOR FAIR LABOR STANDARDS ACT
CASES NOT PLEADED AS COLLECTIVE ACTIONS**

Revised March 2019

# **INTRODUCTION**

The Initial Discovery Protocols for Fair Labor Standards Act Cases Not Pleaded as Collective Actions (Initial Discovery Protocols) provide a new pretrial procedure for certain types of Fair Labor Standards Act (FLSA) cases. As described in the Initial Discovery Protocols, their intent is to "encourage the parties and their counsel to exchange information and documents early in the case, help frame the issues to be resolved, and plan for more efficient and targeted discovery." The Initial Discovery Protocols are designed to be implemented on an individual basis by judges throughout the United States District Courts.

The Initial Discovery Protocols are the second set of case-specific discovery protocols to be developed and implemented in the federal courts. The first set of protocols, the Initial Discovery Protocols for Employment Cases Alleging Adverse Action (Employment Protocols), were published as a pilot project by the FJC in November 2011.[1] The Employment Protocols were developed by a nationwide committee of attorneys with expertise in employment matters, and the project was facilitated by IAALS, the Institute for the Advancement of the American Legal System at the University of Denver. The Employment Protocols project grew out of the 2010 Conference on Civil Litigation at Duke University, sponsored by the Judicial Conference Advisory Committee on Civil Rules. During the conference, a wide range of attendees expressed support for the idea of case-type-specific "pattern discovery" as a possible solution to the problems of unnecessary cost and delay in the litigation process.

The Employment Protocols have been adopted by over 50 judges and on a district-wide basis in multiple jurisdictions around the country, including the District of Connecticut and the District of Oregon. The FJC issued a formal report on the pilot project in October 2015.[2] The report includes several key findings, including that there was less motions activity in pilot cases than in comparison cases. The average number of discovery motions filed was about half the average number in comparison cases, and both motions to dismiss and motions for summary judgment were less likely to be filed. In addition, the study found that it appears the pilot cases were more likely to settle.[3] The FJC issued a follow up Memorandum in 2016 noting the results of the FJC's ongoing research on the Employment Protocols pilot.[4]

Inspired by the results of the Initial Discovery Protocols for Employment Cases Alleging Adverse Action, and at the encouragement of Judge Lee Rosenthal, Chief Judge of the United States District Court of the Southern District of Texas, to consider pattern discovery for FLSA cases, IAALS formed a Committee with the goal of replicating the successes of the Employment Protocols for another case type that is both prevalent in our federal district courts and lends itself well to pattern initial discovery.

---

[1] Fed. Judicial Ctr., Pilot Project Regarding Initial Discovery Protocols For Employment Cases Alleging Adverse Action (2011).
[2] Emery G. Lee, III and Jason A. Cantone, Fed. Judicial Ctr., Report on Pilot Project Regarding Initial Discovery Protocols for Employment Cases Alleging Adverse Action (2015).
[3] *Id.* at 1.
[4] Memorandum from Emery G. Lee, III and Jason A. Cantone to the Judicial Conference Advisory Committee on Civil Rules (Oct. 26, 2016).

As with the Employment Protocols, the committee was composed of a balanced group of highly experienced attorneys from across the country who regularly represent plaintiffs or defendants in FLSA matters. The Committee was co-chaired by Joseph Garrison and Chris Kitchel, who also co-chaired the Committee that developed the Employment Protocols, and IAALS supported and facilitated the effort throughout. Judge Lee Rosenthal and Judge John Koeltl, District Judge of the United States District Court of the Southern District of New York, played an instrumental role in this effort, each facilitating a meeting and providing important guidance and support.

The Committee worked diligently over the course of the project, meeting three times in person and holding numerous conference calls of the Plaintiff and Defense Sub-Committees. As with the Employment Protocols, the Committee's final product is the result of rigorous debate and compromise on both sides, inspired by the ultimate goal of improving the pretrial process in FLSA cases nationwide. The Initial Discovery Protocols create a new category of information exchange, replacing initial disclosures with initial discovery specific to FLSA cases. This discovery is provided automatically by both sides within 30 days of the defendant's responsive pleading or motion. While the parties' subsequent right to discovery under the Federal Rules of Civil Procedure is not affected, the amount and type of information initially exchanged ought to focus the disputed issues, streamline the discovery process, and minimize opportunities for gamesmanship. The Initial Discovery Protocols are accompanied by a Standing Order for their implementation by individual judges, as well as an Interim Protective Order that the attorneys and the judge can use as a template for discussion.

The FJC's 2016 report noted that judges have applied the Employment Protocols "more widely than one would expect given the parameters in the pilot materials, such as in actions brought under the Fair Labor Standards Act or the Family Medical Leave Act."[5] It is the goal of these Initial Discovery Protocols to meet the needs of judges and litigants around the country seeking to implement pattern discovery in FLSA cases and to make the process in FLSA cases more efficient, more streamlined, and less costly.

---

[5] *Id.* at 1.

# INITIAL DISCOVERY PROTOCOLS FOR FAIR LABOR STANDARDS ACT CASES NOT PLEADED AS COLLECTIVE ACTIONS

**PART 1: INTRODUCTION AND DEFINITIONS.**

(1) Statement of Purpose.

   a. These Initial Discovery Protocols apply to FLSA cases not pleaded as collective actions. The Protocols are designed to be implemented by trial judges throughout the United States District Courts. The Protocols encourage the parties and their counsel to exchange information and documents early in the case, help frame the issues to be resolved, and plan for more efficient and targeted discovery.

   b. Participating courts may implement the Initial Discovery Protocols by local rule or by standing, general, or individual case orders. The Protocols apply to cases alleging minimum wage and overtime violations under the FLSA (the "FLSA Claims"). If any party believes that there is good cause why a case should be exempted, in whole or in part, from the Protocols, that party may raise such reason with the Court.

   c. The Initial Discovery Protocols are not intended to preclude or modify the rights of any party for discovery as provided by the Federal Rules of Civil Procedure and other applicable local rules, but they are intended to supersede the parties' obligations to make initial disclosures under FRCP 26(a)(1) for the FLSA Claims.

   d. The Initial Discovery Protocols were prepared by a balanced group of highly experienced attorneys from across the country who regularly represent plaintiffs or defendants in FLSA matters. The Protocols require the exchange of information and documents routinely requested in FLSA cases. They are unlike initial disclosures under FRCP 26(a)(1) because they focus on the type of information most likely to be useful in narrowing the issues for FLSA cases.

(2) Definitions. The following definitions apply to cases proceeding under the Initial Discovery Protocols.

   a. *Concerning.* The term "concerning" means referring to, describing, evidencing, or constituting.

   b. *Document.* The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the terms "documents" and "electronically stored information" as used in F.R.C.P. 34(a).

    c. ***Identify (Documents).*** When referring to documents, to "identify" means to give, to the extent known: (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author(s), according to the document; and (v) the person(s) to whom, according to the document, the document(or a copy) was to have been sent; or, alternatively, to produce the document.

    d. ***Identify (Persons).*** When referring to natural persons, to "identify" means to give the person's: (i) full name; (ii) present or last known address and telephone number; (iii) present or last known place of employment; (iv) present or last known job title; and (v) relationship, if any, to the plaintiff or defendant. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

    e. ***Defendant.*** Any person or entity alleged to be an employer or joint employer of the plaintiff(s) in the operative Complaint, unless otherwise specified.

    f. ***Plaintiff.*** Any named individual(s) alleging FLSA Claim(s) in the operative Complaint.

(3) Instructions.

    a. For this Initial Discovery, the relevant time period begins two years before the date the initial Complaint was filed, or, if willfulness is alleged, three years. If the Plaintiff alleges a shorter relevant time period, then that is the time period for Initial Discovery.

    b. For this Initial Discovery, the relevant time period continues through the last date for which the Plaintiff seeks recovery or relief.

    c. This Initial Discovery is not subject to objections except for the reasons under FRCP 26(b)(2)(B) or on the grounds of privilege or work product. Documents withheld based on a claim of privilege or work product are subject to the provisions of FRCP 26(b)(5).

    d. If a partial or incomplete answer or production is provided, the responding party must state the reason that the answer or production is partial or incomplete.

    e. This Initial Discovery is subject to FRCP 26(e) on supplementation and FRCP 26(g) on certification of responses.

    f. This Initial Discovery is subject to FRCP 34(b)(2)(E) on form of production.

    g.  This Initial Discovery will be subject to the attached Interim Protective Order unless the parties agree or the court orders otherwise. The Interim Protective Order will remain in place only until the parties agree to or the court orders a different protective order. Absent agreement by the parties, the Interim Protective Order will not apply to subsequent discovery.

    h.  Prior to the production of documents by either Party to the other pursuant to the Initial Discovery Protocols, the Parties will meet and confer regarding the format (e.g. TIFF/text, searchable .pdf, Excel) for such production. This will not delay the timeframes for Initial Discovery absent ruling by the court.

**PART 2: PRODUCTION BY THE PLAINTIFF.**

(1) Timing.

The Plaintiff's Initial Discovery must be provided within 30 days after the Defendant has submitted a responsive pleading or motion, unless the court rules otherwise.

(2) Documents that the Plaintiff must produce to the Defendant.

    a.  Documents created or maintained by the Plaintiff recording time worked.

    b.  Documents created or maintained by the Plaintiff recording wages or other compensation paid or unpaid by the Defendant.[1]

    c.  If the Plaintiff reported or complained internally to the Defendant (including but not limited to supervisors or administrative departments, such as human resources, payroll, timekeeping or benefits) about the FLSA Claim(s), the report(s) or complaint(s) and any response that the Defendant provided to the Plaintiff.

    d.  Any offer letters, employment agreements, or compensation agreements for the Plaintiff.

    e.  Any sworn statements from individuals with information relevant to the FLSA Claim(s).

    f.  Documents that the Plaintiff relies on to support a claim of willful violation.

    g.  All other documents that the Plaintiff relies on to support the Plaintiff's FLSA Claim(s).

---

[1] This Initial Disclosure does not include personal tax returns or tax informational documents.

(3) Information that the Plaintiff must produce to the Defendant.

  a. Identify persons the Plaintiff believes to have knowledge of the facts concerning the FLSA Claim(s) or defenses, and a brief description of that knowledge.

  b. Identify the start and end dates for the FLSA Claim(s).

  c. The Plaintiff's title or position and a brief description of the Plaintiff's job duties for the relevant time period.

  d. Describe the basis for the FLSA Claim(s).

  e. A computation of each category of damages claimed by the Plaintiff, including a) applicable dates, b) amounts of claimed unpaid wages, and c) the method used for computation (including applicable rates and hours).

  f. The names of the Plaintiff's supervisors during the relevant time period.

  g. If the Plaintiff reported or complained about the FLSA Claim(s) to any government agency, the identity of each such agency, the date(s) or such reports or complaints, and the outcome or status of each report or complaint.

  h. If the Plaintiff reported or complained to the Defendant (including but not limited to supervisors or administrative departments such as human resources, payroll, timekeeping or benefits) about the any FLSA Claim(s), state whether the report or complaint was written or oral, when the report or complaint(s) was made, to whom any report or complaint(s) were made, and any response provided by the Defendant.

**PART 3: PRODUCTION BY THE DEFENDANT.**

(1) Timing.

The Defendant's Initial Discovery must be provided within 30 days after the Defendant has submitted a responsive pleading or motion, unless the court rules otherwise.

(2) Documents that the Defendant must produce to the Plaintiff.

  a. Time and pay records created or maintained by the Defendant for the Plaintiff.

    b. If the Plaintiff reported or complained internally to the Defendant (including but not limited to supervisors or administrative departments, such as human resources, payroll, timekeeping or benefits) about the FLSA Claim(s), the report(s) or complaint(s) and any response that the Defendant provided to the Plaintiff.

    c. Any sworn statements from individuals with information relevant to the FLSA Claim(s).

    d. Documents that the Defendant relies on to support a claim that any alleged violation was in good faith.

    e. Any offer letters, employment agreements, or compensation agreements for the Plaintiff.

    f. Collective bargaining agreement(s) applicable to the Plaintiff.

    g. The job description for the position(s) the Plaintiff held during the relevant time period(s), if the job duties are at issue in the FLSA Claim(s).

    h. The Defendant's policies, procedures, or guidelines for compensation that are relevant to the FLSA Claim(s).

    i. The cover page, table of contents, and index of any employee handbook, code of conduct, or employment policies and procedures manual pertaining to compensation or time worked.

    j. Any other documents the Defendant relies on to support the defenses, affirmative defenses, and counterclaims to the FLSA Claim(s).

    k. Any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

(3) Information that the Defendant must produce to the Plaintiff.

    a. Provide the following information related to the Plaintiff:
       1. Start and end dates for work performed;
       2. Work location(s);
       3. Job title(s);
       4. Employee or contractor identification number;
       5. In cases alleging the misclassification of the Plaintiff, the classification status of the Plaintiff (i.e., exempt or non-exempt);
       6. Immediate supervisor(s) and/or manager(s).

    b. If the Defendant does not have a job description for the Plaintiff, a brief description of the Plaintiff's job duties for the relevant time period(s), if the job duties are at issue in the FLSA Claim(s).

    c. Identify persons the Defendant believes to have knowledge of the facts concerning the FLSA Claim(s) or defenses, and a brief description of that knowledge.

    d. If the Plaintiff reported or complained to the Defendant about the FLSA Claim(s), whether the report(s) or complaint(s) were written or oral, when the report(s) or complaint(s) were made, to whom any report(s) or complaint(s) were made, and any response(s) provided by the Defendant.

Signed on July 21, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| _____, | § | |
| | § | |
| Plaintiff(s), | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| _____, | § | Judge _____ |
| | § | |
| Defendant(s). | § | |

**STANDING ORDER FOR FAIR LABOR STANDARDS ACT CASES**
**NOT PLEADED AS COLLECTIVE ACTIONS**

This Court is implementing the **INITIAL DISCOVERY PROTOCOLS FOR FLSA CASES NOT PLEADED AS COLLECTIVE ACTIONS**, as supported by the Advisory Committee on Civil Rules. The Initial Discovery Protocols apply to FLSA cases not pleaded as collective actions.

Parties and counsel must comply with the Initial Discovery Protocols, attached to this Order. If any party believes that there is good cause why a particular case should be exempted from the Initial Discovery Protocols, in whole or in part, that party may raise the issue with the Court.

Within 30 days following the defendant's submission of a responsive pleading or motion, the parties must provide to one another the documents and information described in the Initial Discovery Protocols for the relevant time period. This obligation supersedes the parties' obligations to provide initial disclosures under FRCP 26(a)(1) for the FLSA Claims.

The parties must use the documents and information exchanged in accordance with the Initial Discovery Protocols to prepare the FRCP 26(f) discovery plan.

The parties' responses to the Initial Discovery Protocols must comply with the FRCP obligations to certify and supplement discovery responses, as well as the form of production standards for documents and electronically stored information. As set forth in the Protocols, this Initial Discovery is not subject to objections, except upon the grounds set forth in FRCP 26(b)(2)(B) or on the grounds of privilege or work product. Documents withheld based on a claim of privilege or work product are subject to the provisions of FRCP 26(b)(5).

ENTER:

Dated: _____        _____
                                  Lee H. Rosenthal
                                  United States District Judge

The Initial Discovery Protocols for FLSA Cases Not Pleaded as Collective Actions are designed to achieve the goal of more efficient and targeted discovery. Immediate entry of a protective order will allow the parties to commence discovery without delay. In furtherance of that goal, the FLSA Protocols Committee offers the following Interim Protective Order. The Interim Protective Order will remain in place only until the parties agree to or the court orders a different protective order. Absent agreement by the parties, the Interim Protective Order will not apply to subsequent discovery. Recognizing that the decision to enter a protective order, as well as the parameters of any such order, rests within the Court's sound discretion and is subject to local practice, the following provisions are options from which the Court might select.

## INTERIM PROTECTIVE ORDER

It is hereby ordered by the Court that the following restrictions and procedures shall apply to certain information, documents and excerpts from documents supplied by the parties to each other in response to discovery requests:

1. Counsel for any party may designate any document, information contained in a document, information revealed in an interrogatory response or information revealed during a deposition as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL." "Confidential" information or documents may be referred to collectively as "confidential information."

2. Unless ordered by the Court, or otherwise provided for herein, the Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action.

3. In the event a party challenges another party's confidential designation, counsel must make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all Confidential Information disclosed, in accordance with applicable law and Court rules.

4. Information or documents designated as "confidential" must not be disclosed to any person, except:

    a. The requesting party and counsel, including in-house counsel;

    b. Employees of such counsel assigned to and necessary to assist in the litigation;

    c.    Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

    d.    Any person from whom testimony is taken or is to be taken in these actions, except that such a person may only be shown that Confidential Information during and in preparation for his/her testimony and may not retain the Confidential Information; and

    e.    The Court (including any clerk, stenographer, or other person having access to any Confidential Information by virtue of his or her position with the Court) or the jury at trial or as exhibits to motions.

5. Prior to disclosing or displaying the Confidential Information to any person, counsel must:

    a.    inform the person of the confidential nature of the information and documents; and

    b.    inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

6. The Confidential Information may be displayed to and discussed with the persons identified in Paragraphs 4(c) and (d) only on the condition that prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached hereto as Exhibit A. In the event such person refuses to sign an agreement in the form attached as Exhibit A, the party desiring to disclose the Confidential Information may seek appropriate relief from the Court.

7. The disclosure of a document or information without designated it as "confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information provided that the material is designated pursuant to the procedures set forth herein no later than that latter of fourteen (14) days after the close of discovery or fourteen (14) days after the document or information's production. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

8. All information subject to confidential treatment in accordance with the terms of this Stipulation and Order that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any Confidential Information, must be filed under seal to the extent permitted by law (including without limitation any applicable rules of court) and kept under seal until further order of the Court. To the extent the Court requires any further act by the parties as a precondition to the filing of documents under seal (beyond the submission of this Stipulation and Order Regarding Confidential Information), it shall be the obligation of the producing party of the documents to be filed with the Court to satisfy any such precondition. Where possible, only confidential portions of filings with the Court shall be filed under seal.

9. At the conclusion of litigation, the Confidential Information and any copies thereof must be promptly (and in no event later than thirty (30) days after entry of final judgment no longer subject to further appeal) return to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain confidential.

The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to confidential information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order. This Order may be enforced by either party and any violation may result in the imposition of sanctions by the Court.

Signed on _____, at Houston, Texas.


_____
Lee H. Rosenthal
United States District Judge

# EXHIBIT A

      I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled Guthrie et al v. VooDoo Energy Services, LLC et al have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER" are confidential by Order of the Court.

      I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

_____        DATED:

Signed in the presence of:

_____

(Attorney)