**In the United States District Court
Southern District of Texas
Houston Division**

| | |
|---|---|
| **Christopher Guthrie** and **Shane North**, individually and for others similarly situated<br>　　　　Plaintiffs<br><br>v.<br><br>**VooDoo Energy Services, LLC** and **Kyle Greemon**<br>　　　　Defendants | **Cause No. 4:24-cv-2585**<br><br><br>**Judge Lee H. Rosenthal** |

**Defendants' Answer to Plaintiffs' Collective Action Complaint**

Now come Defendants, VooDoo Energy Services, LLC and Kyle Greemon answering *Original Complaint – Collective Action* in the above-styled and numbered cause as follows:

### I.  Preliminary Statements

1. To the extent paragraph 1 contains assertions of fact requiring a response, same are denied.

2. To the extent paragraph 2 contains assertions of fact requiring a response, same are denied.

3. Denied as to paragraph 3.

### II. Jurisdiction and Venue

4. Admitted as to paragraph 4.

5. Admitted as to paragraph 5 that Defendant VooDoo does business in the Houston District and has its principal place of business in this District, denied as to the remaining allegations in paragraph 5.

6. Admitted as to paragraph 6.

### III. Parties

7. Admitted Guthrie is an individual and that he was employed as a Pump

Supervisor for some period of time during the three (3) year period preceding the date of filing of the Original Complaint on 7/10/2024, denied for lack of information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7.

8. Admitted North is an individual and that he was employed as a Pump Supervisor for some period of time during the three (3) year period preceding the date of filing of the Original Complaint on 7/10/2024, denied for lack of information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7.

9. Denied as to paragraph 9.

10. Admitted as to paragraph 10 that Defendant VooDoo does business in the state of Texas, denied that Defendant VooDoo does business throughout the United States.

11. Admitted as to paragraph 11.

12. Admitted as to paragraph 12.

13. Admitted as to paragraph 13, Plaintiff also has a principal business address in Shreveport, Louisiana.

14. Admitted as to paragraph 14.

15. Admitted as to paragraph 15.

16. Admitted as to paragraph 16.

17. Admitted Defendant Greemon controls the day-to-day operations of VooDoo, denied as to the remaining allegations in paragraph 17.

18. Admitted as to paragraph 18.

19. Denied as to paragraph 19.

### IV.  Factual Allegations

20. Admitted as to paragraph 20.

21. Admitted as to paragraph 21 that Plaintiff Guthrie worked for Defendant VooDoo off and on as a pump supervisor, denied as to the remaining allegations of paragraph 21.

22. Admitted as to paragraph 22 that Plaintiff North worked for Defendant VooDoo as a pump supervisor, denied as to the remaining allegations of paragraph 22.

23. Admitted as to paragraph 23.

24. Admitted as to paragraph 24.

25. Admitted that Guthrie and North were classified as exempt under the FLSA by VooDoo and were paid a salary, denied as to the remaining allegation in paragraph 25.

26. Admitted as to paragraph 26.

27. Admitted as to paragraph 27 for both Guthrie and North.

28. Denied as to paragraph 28 as vague and ambiguous and otherwise as the allegations call for a legal conclusion.

29. Denied as to paragraph 29 to the extent an answer is required as the allegations call for a legal conclusion.

30. Admitted that Plaintiffs worked in excess of forth hours per week during some weeks while working for VooDoo, denied as to the remaining allegations in paragraph 30.

31. Admitted that other pump supervisors worked in excess of forty (40) hours per week during some weeks while working for VooDoo, denied as to the remaining allegations in paragraph 31.

32. Admitted that there were weeks when Defendants did not pay North, Guthrie, and certain other pump supervisors 1.5 times their regular hourly rate for all hours worked over 40 during the week.

33. Denied as to paragraph 33.

34. Admitted as to paragraph 34.

35. Admitted as to paragraph 35.

36. Admitted as to paragraph 36.

37. Admitted as to paragraph 37.

38. Denied as to paragraph 38.

39. Denied as to paragraph 39.

40. Admitted as to paragraph 40.

41. Admitted that Plaintiffs and other Pump Supervisors sought input from others at times, denied as to the remaining allegations in paragraph 41.

42. Denied as to paragraph 42.

43. Denied for lack of information sufficient to form a belief as to the truth of the allegations in paragraph 43.

44. Denied for lack of information sufficient to form a belief as to the truth of the allegations in paragraph 44.

45. Denied as vague and ambiguous as to paragraph 45.

46. Admitted as to paragraph 46.

47. Denied as to paragraph 47.

## V. Representative Action Allegations

48. Denied as to paragraph 48, to the extent an answer is required.

49. Denied as to paragraph 49, to the extent an answer is required.

50. Denied as to paragraph 50, to the extent an answer is required.

51. Denied as to paragraph 51, to the extent an answer is required.

52. Denied as to paragraph 52, A-D, to the extent an answer is required.

53. Denied as to paragraph 53, to the extent an answer is required.

54. Admitted as to paragraph 54 that Voo Doo can readily identify its current and former employees, denied as to the remaining allegations.

55. Admitted as to paragraph 55 that VooDoo has the last known contact information for all persons employed by the company during the time period relevant to this lawsuit, denied as to the remaining allegations.

56. Admitted as to paragraph 56 that VooDoo has the last known contact information for all persons employed by the company during the time period

relevant to this lawsuit, denied as to the remaining allegations.

### VI. First Cause of Action

### (Individual Claims for Violation of FLSA)

57-63. Denied as to paragraphs 57 – 63, to the extent an answer is required.

### VII. Second Cause of Action
### (Collective Action Claim for Violation of FLSA)

64. Denied as to paragraph 64, to the extent an answer is required.

65. Denied as to paragraph 65, to the extent an answer is required.

66. Denied as to paragraph 66.

67. Denied as to paragraph 67.

68. Denied as to paragraph 68.

69. Denied as to paragraph 69, to the extent an answer is required.

70. Denied as to paragraph 70, to the extent an answer is required.

71. Denied as to paragraph 71, to the extent an answer is required.

### XV.  Affirmative Defenses

72. The following affirmative defenses are raised as to the named Plaintiffs and, to the extent a collective action is certified by the court, to any putative members of the collective that timely file consents to join as plaintiffs in this action.

73. Defendants allege as their first affirmative defense that plaintiff's claims should be denied for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. Rule 12(b)(6).

74. Defendants allege as their second affirmative defense – without assuming the burden of proof – that Plaintiffs are not similarly situated with putative collective members because of variations in payment and compensation, job duties, application of exemptions, and other varying facts and circumstances between the representative plaintiffs and the individual putative members of the collective.

75. Defendants allege as their third affirmative defense that Plaintiffs have suffered no damages; in the alternative, Plaintiffs have failed to mitigate their damages and/or their damages are subject to cutoff or offset monies or other consideration paid or provided to Plaintiffs by Defendants for time in which Plaintiffs were not engaged to work, or for *de minimis* time in addition to compensation required under the law and/or by compensation received by Plaintiffs from other employment.

76. Defendants allege as their fourth affirmative defense that Plaintiffs are not entitled to the relief sought pursuant to the "motor carrier" exemption of Section 13 of the Fair Labor Standards Act in conjunction with the Section 204 of the Motor Carrier Act of 1935, 29 U.S.C. 213(b)(1) and 49 U.S.C. 31502 et seq., because they were likely to be called upon, in the ordinary course of their work, to perform safety-affecting activities that are interstate in nature, including but not limited to vehicle maintenance and repairs and operation of motor vehicles in transportation across state lines.

77. Defendants allege as their fifth affirmative defense, lack of willfulness, intent, unreasonableness, arbitrariness or bad faith in its pay practices; therefore, limiting the applicable statute of limitations to two (2) years.

78. Defendants allege as their sixth affirmative defense 29 U.S.C. § 254, as to all hours during which Plaintiffs were engaged in activities which were preliminary or postliminary to their principal activities and/or otherwise excluded under the FLSA.

79. Defendants allege as their seventh affirmative defense that in the event of a finding of FLSA liability, no liquidated damages or extra monetary relief should awarded under 29 U.S.C. §260, because Defendants' pay practices, rates, and amounts were in good faith and based on industry standards and other reasonable grounds for believing such practices were not a violation of the FLSA.

80. Defendants allege as their ninth affirmative defense Plaintiffs' failure to mitigate damages, or the avoidable consequences doctrine based on Plaintiffs' agreement to the compensation provided for the work performed during each workweek, regardless of hours worked, and failure of Plaintiffs' to notify the employer the amount of compensation was insufficient to cover the hours worked at or reasonably near the time payment rendered despite receiving contemporaneous detailed explanations of compensation each pay period.

## XII.  Jury Demand

76.     Defendants demand trial by jury on all issues triable to a jury.

### Prayer for Relief

Wherefore, Defendants pray for judgment in favor of Defendants and against Plaintiffs, with an award of all costs of this proceeding, attorney's fees where warranted and any other just and equitable relief to Defendants.

Respectfully submitted,

_____/s/ Cary A Hilburn_____
Cary A. Hilburn (LA 26656 / TX 00790881 / CO 58600)
HILBURN & HILBURN, APLC
220 Carroll Street, Building B
Shreveport, Louisiana 71105
Telephone:    (318) 868-8810
Fax:          (877) 462-6796
E-mail:       cah@hilburnlaw.com
Email:        dshepherd@hilburnlaw.com
*Attorneys for Defendants, VooDoo Energy Services, LLC and Kyle Greemom*

### Certificate of Service

I hereby certify that on September 12, 2024, I electronically filed the foregoing document with the United States Court for the Southern District of Texas, Houston Division, by using the CM/ECF system. I certify that the following counsel of record are registered as ECF Filers and that they will be served by the CM/ECF system:

**Sean Short**
sean@sanfordlawfirm.com

**Josh Sanford**
josh@sanfordlawfirm.com

_____/s/ Cary A. Hilburn_____
Cary A. Hilburn