IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**CHRISTOPHER GUTHRIE and SHANE**                 **PLAINTIFFS**
**NORTH, Each Individually and on Behalf**
**of All Others Similarly Situated**

vs.                                      No. 4:24-cv-2585

**VOODOO ENERGY SERVICES, LLC,**
**and KYLE GREEMON**                                 **DEFENDANTS**

### JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE

1. State when the parties conferred as required by Rule 26(f), and identify the counsel who conferred.

   The parties met and conferred by electronic communication on October 9. Sean Short, attorney for Plaintiffs and Carry A, Hilburn, attorney for Defendants, appeared.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

   None.

3. Briefly describe what this case is about.

   Plaintiff's statement:
   Plaintiffs, individually and on behalf of all others similarly situated, bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendants' policy and practice of failing to pay Plaintiffs and all others similarly situated proper overtime compensation for all hours worked in excess of forty per week.
   Defendants provide specialty pumping and fluid hauling services at oilfields located throughout Texas and Louisiana. Plaintiffs worked for Defendants as salaried Pump Supervisors. Defendants classified Plaintiffs and other Pump Supervisors as exempt from the overtime requirements of the FLSA and paid them a salary with no overtime premium for hours worked in excess of 40 each week. Defendants knew or should have known that Plaintiffs and other salaried Pump

Supervisors were not properly classified as exempt.

<u>Defendants' statement:</u>

Defendants generally agree with Plaintiff's description of the case in the first paragraph above. However, at this early stage, defendants would not agree the evidence will show all Pump Supervisors were misclassified or worked in excess of forty hours in each week of employment, or that all are similarly situated to the named plaintiff's or that Plaintiffs' compensation practices were not in good faith. Defendants have asserted a number of affirmative defenses bearing on liability and damages in this matter.

4. <u>Specify the allegation of federal jurisdiction.</u>

The United States District Court for the Southern District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. <u>Name the parties who disagree and the reasons.</u>

None.

6. <u>List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.</u>

Plaintiffs bring collective allegations and intends to move for certification of a collective for all salaried Pump Supervisors within the past three years.

7. <u>List anticipated interventions.</u>

The parties are not aware of any anticipated interventions at this time.

8. <u>Describe class−action issues.</u>

Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FSLA, 29 U.S.C.§ 216(b), on behalf of all persons similarly situated as salaried Pump Supervisors who were, are, or will be employed by Defendants within the applicable statute of limitations period, who are entitled to payment of the following types of damages: Overtime premiums for all hours worked over forty hours in any week; liquidated damages, and attorney's fees and costs.

Plaintiffs propose the following class under the FLSA: All salaried Pump Supervisors within the past three years.

The members of the proposed FLSA class are similarly situated in that they

share these traits: They were classified by Defendants as salaried employees, exempt from the overtime requirements of the FLSA; they were subject to Defendants' common policy and practice of failing to pay them an overtime premium for hours worked over forty in a week; they regularly worked over forty hours in a week; and they had the same or substantially similar job duties and responsibilities.

Defendants contend Plaintiffs' proposed class is oversimplified and insufficient under current jurisprudence requiring more than allegations of common classification or payment practices for certification. Instead, Plaintiff is obligated to establish evidence of sufficient similarity to treat this matter as a collective rather than a case that would require individualized proof as to liability, damages, commonality of all affirmative defenses, application of statute of limitations, etc. At minimum the initial issues for certification of a collective action in this case should include the disparity and similarity of factual and employment settings among the representative plaintiffs and the individual putative class members, including but not limited to job duties, work locations, applicability of affirmative defenses, evidence that that will need to be flushed out in an initial limited phase of discovery consistent with the Fifth Circuit's decision in *Swales v. KLLM Transp. Servs.*, 985 F.3d 420 (5th Cir. 2021).

9. <u>State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.</u>

   Initial disclosures have not yet been exchanged. The parties have agreed that they will make their initial disclosures on or before November 8, 2024.

10. <u>Describe the proposed agreed discovery plan, including:</u>

    A. <u>Responses to all the matters raised in Rule 26(f).</u>

    1. <u>Any changes in timing, form, or requirements of initial disclosures under Fed. R. Civ. P. 26(a).</u>

    The parties agree to produce and deliver paper or electronic copies of any documents identified in their Initial Disclosures without a formal discovery request, though the parties recognize that they may be unable to produce all such documents on the day Initial Disclosures are due. The parties agree that any documents identified but not produced on the day Initial Disclosures are due are subject to the parties' obligation to supplement their discovery disclosures under the Federal Rules of Civil Procedure.

The parties also agree that pursuant to *Swales v. KLLM Transp. Servs.*, 985 F.3d 420 (5th Cir. 2021), an initial limited phase of discovery of 60-90 days is warranted with at least an additional 180 days for case development pursuant to the Federal Rules of Civil Procedure after the Court makes a determination on whether to certify the case as an FLSA collective action.

2. Subjects on which discovery may be needed.

    For the initial limited phase of discovery, it is anticipated the parties may need discovery of information to aid in the Court's determination of whether the representative plaintiffs are "similarly situated" under the FLSA limited as follows:

    Limited Topics
    (a) payment to named plaintiffs'
    (b) hours worked
    (c) job duties of named plaintiffs and other Pump Supervisors
    (d) named plaintiffs' employee files, pay records, time records
    (e) manner in which Pump Supervisors were paid (including specific regarding method, calculations)
    (f) extent to which named Plaintiffs pay and duties are or are not consistent with those of other Pump Supervisors
    (e) responsive documents produced by Defendants in initial disclosures and pursuant to other requests relevant to limited scope of initial discovery

    Deponents on Limited Topics:
    (a) Defendants' corporate representative FRCP 30(b)(6)
    (b) named Plaintiffs

    Thereafter, should the Court certify a collective action, the parties anticipate additional discovery will be needed on the full and broad array of issues for case development available in any civil action:

    (a) All of the elements of Plaintiffs' claims and Defendants' defenses to those claims;
    (b) Issues related to willfulness / intent; and
    (c) Damages.

3. Whether any party will likely be requested to disclose or produce information from electronic or computer-based media. If so:

(a)  whether disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business;

The parties anticipate that disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business.

(b) the anticipated scope, cost and time required for disclosure or production of data beyond what is reasonably available to the parties in the ordinary course of business;

Unknown at this time.

(c) the format and media agreed to by the parties for the production of such data as well as agreed procedures for such production;

The parties will produce data in electronic format. If the data is ordinarily maintained in paper format, the parties agree to produce the data in electronic format in consecutively paginated bates numbers. The parties agree to produce ESI in electronic format such as PDF, except for spreadsheets, which should be produced in native format such as XLS.

(d) whether reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise;

The parties have been made aware of the need to maintain the relevant records taken in the ordinary course of business.

(e) other problems which the parties anticipate may arise in connection with electronic or computer-based discovery.

None known at this time.

4. Date by which discovery should be completed.

November 3, 2025.

5. Any needed changes in limitations imposed by the Federal Rules of Civil Procedure.

The parties consent to the electronic service of all documents that require service on an opposing party, including but not limited to Initial Disclosures, Interrogatories, Requests for Production of Documents, Requests for Admissions, and Notices of Deposition, as well as Responses to Interrogatories, Requests for Production of Documents, and Requests for Admission, at the primary e-mail address at which each attorney of record receives ECF filings in this case. The parties agree that discovery may be signed by e-signature rather than by hand. The parties agree to produce and deliver paper or electronic copies of any documents which would ordinarily be

produced subject to Federal Rules of Civil Procedure 26 or 34.

6. <u>Any Orders, e.g. protective orders, which should be entered.</u>

None at this time.

7. <u>Any objections to initial disclosures on the ground that mandatory disclosures are not appropriate in the circumstances of the action.</u>

None at this time.

8. <u>Any objections to the proposed trial date.</u>

None at this time.

9. <u>Proposed deadline for joining other parties and amending the pleadings.</u>

Add new parties: March 3, 2025.
Amend pleadings: March 3, 2025.

10. <u>Proposed deadline for filing motions other than motions for class certification.</u>

December 3, 2025, except for motions in limine, which should be filed no later than 14 days prior to trial.

11. <u>Class certification: In the case of a class action complaint, the proposed deadline for the parties to file a motion for class certification.</u>

    March 3, 2025.

B. <u>When and to whom the plaintiff anticipates it may send interrogatories.</u>

   Plaintiff anticipates sending interrogatories to Defendant no less than 30 days before the close of the discovery period. The Rule 33 limit of 25 interrogatories per party should apply. Plaintiff reserves the right to object to discovery in excess of that which is allowed pursuant to the Federal Rules of Civil Procedure.

C. <u>When and to whom the defendant anticipates it may send interrogatories.</u>

   Defendant anticipates sending interrogatories to Plaintiffs no later than 30 days before close of discovery but likely within 60 days after the entry of the scheduling order in this matter.

    D. <u>Of Whom and by when the plaintiff anticipates taking oral depositions.</u>

    Plaintiffs anticipates taking one or two FRCP 30(b)(6) depositions. Plaintiffs reserves the right to object to depositions in excess of those allowed by the Federal Rules of Civil Procedure.

    E. <u>Of Whom and by when the defendant anticipates taking oral depositions.</u>

    Defendants anticipate taking depositions of the named Plaintiffs during the initial phase of discovery.

    F. <u>When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.</u>

    No expert witnesses have been identified at this time. Parties are agreeable to the dates included on the proposed Scheduling Order for expert disclosures and reports.

    G. <u>List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).</u>

    No expert witnesses have been identified at this time. However, to the extent experts are required, Plaintiffs will be able to timely designate experts and provide reports within 30 days of designation.

    H. <u>List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule26(a)(2)(B) (export report).</u>

    No expert witnesses have been identified at this time. However, to the extent experts are required, Defendant will be able to timely designate experts and provide reports within 30 days of designation.

11. <u>If the parties are not agreed on a part of the discovery plan, describe the separate view and proposals of each party.</u>

    The parties are in agreement regarding the discovery plan except as otherwise stated in the discovery plan proposed in paragraph 10 above.

12. <u>Specify the discovery beyond initial disclosures that has been undertaken to date.</u>

    None.

13. <u>State the date the planned discovery can reasonably be completed.</u>

    The parties believe that November 3, 2025, is the date by which all discovery can be reasonably completed.

14. <u>Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.</u>

    Counsel for the parties discussed settlement possibilities in a broad sense during the Rule 26(f) meeting and have agreed that they will actively explore settlement after the initial disclosures and exchange of information and will continue to communicate regarding the possibility of settlement throughout the litigation process.

15. <u>Describe what each party has done or agreed to do to bring about a prompt resolution.</u>

    Counsel for the parties have discussed settlement possibilities broadly and agree that they will communicate regarding the possibility of settlement and/or alternative dispute resolution in greater detail after an initial exchange of discovery and documents as appropriate.

16. <u>From the attorneys' discussion with the client, state the alternative dispute resolution techniques that may be reasonably suitable.</u>

    Following completion of discovery, mediation may be a reasonably suitable alternative dispute resolution technique depending upon the position of the parties at that time.

17. <u>Magistrate judges may now hear jury and non−jury trials. Indicate the parties' joint position on a trial before a magistrate judge.</u>

    There is no current agreement to try the case before a magistrate judge.

18. <u>State whether a jury demand has been made and if it was made on time.</u>

    Defendants demand a trial by jury on all issues triable to a jury.

19. <u>Specify the number of hours it will take to present the evidence in this case.</u>

    8-16 hours if this case remains an individual action. If this matter is certified as a collective action, the number of hours will depend on the end number of class members.

20. <u>List pending motions that could be ruled on at the initial pretrial and scheduling conference.</u>

    None.

21. <u>List other motions pending.</u>

    None.

22. <u>Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.</u>

    None anticipated.

23. <u>List the names, bar numbers, addresses, and telephone numbers of all counsel.</u>

| **Plaintiffs' Counsel** | **Defendants' Counsel** |
|---|---|
| Sean Short<br>Ark. Bar No. 2015079<br>10800 Financial Centre Pkwy, Suite 510<br>Little Rock, Arkansas 72211<br>Telephone: (800) 615-4946<br>Facsimile: (888) 787-2040<br>sean@sanfordlawfirm.com | Carry A. Hilburn<br>(LA 26656 / TX 00790881 / CO 58600)<br>HILBURN & HILBURN, APLC<br>220 Carroll Street, Building B<br>Shreveport, Louisiana 71105<br>Telephone: (318) 868-8810<br>Fax (877) 462-6796<br>cah@hilburnlaw.com |
| */s/ Sean Short*<br>  Counsel for Plaintiff(s) | */s/ Cary A Hilburn*<br>  Counsel for Defendant(s) |
| October 11, 2024<br>  Date | October 11, 2024<br>  Date |